**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**LIVE LIFE HEALTHY, LLC,**
 *Plaintiff,*

§
§
§
§
§
§
§
§     **CIVIL ACTION NO. 1:23-CV-00264-RP**
§
§
§
§
§
§
§
§
§
§
§

**v.**

**JOBSOURCE, INC.**
 *Defendant.*

---

### DEFENDANT JOBSOURCE, INC.'S FIRST AMENDED ANSWER

---

Defendant JobSource, Inc. ("Defendant") answers as follows to the allegations in the Plaintiff's Original Petition filed by Live Life Healthy, LLC ( "Plaintiff"):

### DISCOVERY-CONTROL PLAN

1. Defendant states that paragraph 1 of the Petition contains no allegations to which Defendant is required to respond. To the extent an answer is required, Defendant states that the Texas Rules of Civil Procedure are inapplicable to this action following removal and denies the allegations.

### CLAIM FOR RELIEF

2. Defendant states that paragraph 2 of the Petition contains no allegations to which Defendant is required to respond. To the extent an answer is required Defendant admits that Plaintiff seeks such relief and that such relief is within the jurisdictional limits of this Court, but denies that Plaintiff is entitled to any relief.

---

## PARTIES

3.      Defendant admits the allegations in paragraph 3 of the Petition.

4.      Defendant admits the allegations in paragraph 4 of the Petition.

## VENUE

5.      Defendant denies the allegations in paragraph 5 of the Petition.

## FACTS

6.      Defendant admits the allegations in paragraph 6 of the Petition alleging on or about December 22, 2021, Defendant entered a valid and enforceable written services contract with Plaintiff.  Defendant denies that a copy of the contract was attached to the Petition and the remaining allegations in paragraph 6 of the Petition.

6a.     Defendant denies the allegations in the first unnumbered paragraph following paragraph 6 of the Petition.

6b.     Defendant denies the allegations in second unnumbered paragraph following paragraph 6 of the Petition.

6c.     Defendant admits the allegations in third unnumbered paragraph following paragraph 6 of the Petition alleging there are dispute resolution clauses in the original contract. Defendant further admits the allegations alleging at any time after the fifth (5th) business day immediately following the date the Escalation to Executive Notice is received (the date immediately following such fifth (5th) business day is the "Escalation to Mediation Date") the parties to a dispute may submit the dispute to any mutually agreed to mediation services for mediation by providing to the mediation service a joint, written request for mediation. Defendant denies the remaining allegations in this unnumbered paragraph.

6d.     Defendant denies the allegations in the fourth unnumbered paragraph following paragraph 6 of the Petition.

7.      Defendant admits the allegation in paragraph 7 of the Petition alleging on or about December 22, 2021, Plaintiff and Defendant executed a valid and enforceable written contract. Defendant denies the remaining allegations in paragraph 7 of the Petition.

8.      Defendant denies the allegations in paragraph 8 of the Petition and asserts that a cause of action for Quantum Meruit is invalid when there is a written contract.

9.      Defendant denies the allegations in paragraph 9 of the Petition and asserts that Plaintiff has failed to plead fraud with particularity or to state any basis in law or fact for such a claim.

10.     Defendant denies the allegations in paragraph 10 of the Petition.

11.     Defendant denies the allegations in paragraph 11 of the Petition.

12.     Defendant denies the allegations in paragraph 12 of the Petition.

### CONDITIONS PRECEDENT

13.     Defendant denies the allegations in paragraph 13 of the Petition.

### ATTORNEY'S FEES

14.     Defendant denies the allegations in paragraph 14 of the Petition.

### PRAYER

15.     Defendant denies that Plaintiff is entitled to the relief it requests.

### RULE 12(b)(6) DEFENSES

16.     Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff attempts to assert a claim for breach of contract, but has failed to plead the terms of the contract or identify the basis for its alleged breach of such contractual terms.  Plaintiff does not provide

any facts to establish the terms of the contract, and instead relies solely on conclusory allegations, unwarranted deductions, and legal conclusions.  In its original petition, Plaintiff states that a copy of the contract is attached to the Petition, but a copy of the contract is not attached. Plaintiff asserts that it complied with the alternative dispute resolution provisions of the contract and purports to incorporate other documents which are not attached to the petition.  Further, aside from conclusory allegations, unwarranted deductions, and legal conclusions, Plaintiff does not provide any facts to establish the elements of breach and damages.

17.    Further, Plaintiff attempts to assert an equitable claim under state law for quantum meruit in a suit based on a written contract that covers the alleged services provided.  When the parties' claim is subject to the terms of a written contract the doctrine of quantum meruit is not applicable. *See Soni v. CrowdStrike Holdings, Inc.,* No. A-19-CV-969-LY, 2021 WL 3615841, at *5 (W.D. Tex. June 21, 2021), report and recommendation adopted, No. 1:19-CV-969-LY, 2021 WL 8083344 (W.D. Tex. Aug. 2, 2021).

18.    Plaintiff also attempts to allege a fraud claim, however, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  To meet this standard, the plaintiff must allege "the who, what, when, where, and how" of the alleged fraudulent statement.  *United States ex rel. Hanna v. City of Chicago,* 834 F.3d 775, 779 (7th Cir. 2016).  This means the plaintiff must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.*  Rule 9(b)'s requirement that allegations of fraud or mistake be pleaded with particularity applies to state law causes of action involving fraud or mistake when asserted in federal court.  *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.,* 998 F.3d 397, 404 (9th Cir. 2021).  Plaintiff fails to plead its fraud claim with any particularity.  Plaintiff does not state the identity of the

person making the misrepresentation, the content of the misrepresentation, or the time, place, or method by which the misrepresentation was communicated to Plaintiff. Plaintiff also fails to identify the basis for its reliance on such claim. Plaintiff's fraud claim is not pled with sufficient particularity. Plaintiff has failed to state a claim which relief may be granted and its claims must be dismissed.

## AFFIRMATIVE DEFENSES

19. By way of further answer, Defendant states that Plaintiff's claims are barred in whole or in part because Plaintiff failed to comply with the services contract's mandatory pre-suit mediation requirement.

20. By way of further answer, Defendant states that Plaintiff's claims are barred in whole or in part by reason of Plaintiff's failure to mitigate damages, if any.

21. By way of further answer, Defendant states that Plaintiff's claims are barred in whole or in part by the doctrines of release and waiver.

22. By way of further answer, Defendant States that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

23. By way of further answer, Defendant States that Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

24. By way of further answer, Defendant States that Plaintiff's claims are barred by its prior material breach of the Agreement.

25. By way of further answer, Defendant States that Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which were caused by an intervening act, act of any third party, Plaintiff's own action or inaction, and Plaintiff's failure to mitigate its damages.

## **PRAYER**

26.     WHEREFORE, Defendant JobSource prays that Plaintiff's claims for fraud and quantum meruit be dismissed, judgment be entered against Plaintiff, that Plaintiff take nothing by this lawsuit, and Defendant recover all of its costs and attorneys' fees, and such other and further relief, both specialty and general, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Blake A. Bailey*
BLAKE A. BAILEY
State Bar No. 01514700
PHELPS DUNBAR LLP
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092-7626
blake.bailey@phelps.com
(817) 305-0332 (phone)
(817) 488-3214 (facsimile)

**ATTORNEY FOR DEFENDANT
JOBSOURCE, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel in accordance with the Federal Rules of Civil Procedure on this 17th day of March, 2023.

*/s/ Blake A. Bailey*
Blake A. Bailey