IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LIVE LIFE HEALTHY, LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 1:23-CV-00264-JRN |
| | § | |
| JOBSOURCE, INC.,<br>    Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S OPPOSED MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now LIVE LIFE HEALTHY, LLC, Plaintiff in the above-styled and numbered cause, and, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE and the Court's Scheduling Order [Dkt. 12], files this Opposed Motion for Leave to File its Second Amended Complaint and in support thereof would respectfully show the Court as follows:

**I.
INTRODUCTION AND RELEVANT FACTS**

1.      On January 24, 2023, Plaintiff filed its Original Petition in the 250th Judicial District Court of Travis County Texas, asserting causes of action for breach of contract, quantum meruit, and fraud, and seeking damages and attorneys' fees in excess of $1,000,000.00. [Dkt. 1-2]

2.      Defendant filed a General Denial on March 6, 2023, and subsequently removed the State Court Action to this Court on March 10, 2023. *See, generally*, Dkt. 1 and attachments thereto.

3.      On March 27, 2023, Plaintiff filed its First Amended Complaint. [Dkt. 5]

4.      On April 10, 2023, Counsel for Plaintiff contacted Defense counsel to confer on scheduling a Rule 26(f) conference. At the time, Plaintiff's counsel was set for a trial to begin on April 24, 2023 in Travis County District Court and thus, wanted to complete the Rule 26(f) conference prior to his state court trial. However, after conferring with Defense counsel, both

agreed that additional time was needed before commencing with the discovery conference. On July 17, 2023, Plaintiff's counsel contacted Defense counsel to reinitiate discussions on scheduling the discovery conference and to discuss possible settlement in the interim of the 26(f) conference. By August 2023 counsel for the parties had made progress towards potentially reaching a resolution to the case. Initial settlement terms had been proposed and many had been agreed upon. In mid-August an initial Settlement and Release Agreement was drafted in anticipation for settlement. Several revisions of the Agreement were exchanged between counsel as terms were finalized. Unfortunately, on the eve of settlement, both Plaintiff and Defendants ultimately could not reach a final agreement and negotiations ceased. On August 22, 2023, the parties entered and filed the current Scheduling Order. [Dkt. 12] Since August 2023 to present, Plaintiff has been diligently working to develop and litigate its case.

5. On January 15, 2024, counsel for both parties filed a Joint Alternative Dispute Resolution Report. [Dkt. 15] Mediation for this matter is scheduled for a full-day mediation with mediator John Rubin of ATX Multilingual Mediation on April 29, 2024.

6. Plaintiff now seeks leave to amend its Complaint and add eight (8) additional party defendants. Plaintiff's proposed Second Amended Complaint ("Second Amended Complaint") is attached hereto as Exhibit A.

7. This Motion is filed in good faith and not for the purpose of delay. Allowing Plaintiff to amend its Complaint causes no prejudice or undue delay.

8. This matter is set for bench trial on January 6, 2025 [Dkt. 13] and the deadline for the parties to amend or supplement pleadings and to join additional parties is March 8, 2024. [Dkt. 12].

## II.
### ARGUMENT & AUTHORITIES

9. Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman*, 371 U.S. at 182; *Mayeaux v. LA. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) ("district courts must entertain a presumption in favor of granting parties leave to amend.").

10. Plaintiff's Second Amended Complaint should be allowed as it is both appropriate and necessary. *Gamma-10 Plastics, Inc. vs. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994). In that the nature of Plaintiff's Second Amended Complaint is to add party defendants to the pending litigation as well as additional causes of action, including conspiracy to commit fraud, violations of the Texas Uniform Trade Secrets Act and conspiracy to commit same, tortious interference with existing contracts and conspiracy to commit same, and Conspiracy, Plaintiff will be prejudiced if not allowed to amend its Complaint. *See* Exhibit A.

11. The Court should allow the filing of Plaintiff's Second Amended Complaint because Defendant will not be prejudiced by the amended pleading. *Scott vs. Family Dollar Stores, Inc.*, 733 F.3d 105, 118-19 (4th Cir. 2013), *cert denied*, 134 S.Ct. 2871 (2014); *Bylin v. Billings*, 568 F.3d 1224, 1229-30 (10th Cir. 2009). As Plaintiff's Second Amended Complaint is not likely to cause surprise, prejudice, or undue delay to the current Defendant, the Court should permit the amendment.

12. The Court should allow the filing of the Second Amended Complaint because the Court will not be substantially burdened by any delay that joining additional parties may cause,

Plaintiff has not acted in bad faith, and Plaintiff's proposed Second Amended Complaint is not futile. *Mayeaux* at 427; *Foman* at 182.

14. Absent a "substantial reason" such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, "the discretion of the district court is not broad enough to permit denial." *Mayeaux* at 427 (*citing Martin's Herend Imports, Inc. vs. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000).

14. Allowing Plaintiff to amend its Complaint to name additional defendants and assert additional causes of action is the only way for justice to be done. Doing so will not prejudice the current or additional defendants nor would there be any surprise as they are all connected to the same transaction or series of transactions that give rise to Plaintiff's current and future claims to be asserted. Plaintiff is not seeking to amend its Pleading in bad faith nor will it result in an undue delay of this case. A plaintiff and defendant have a right to develop, litigate and defend their respective case if it is done in good faith. Leave to amend should be freely given when justice so requires, barring any "substantial reason" to deny amending. The same holds true in the present case as no substantial reason exists allowing the court to deny Plaintiff from amending its Complaint.

### III.
### CONCLUSION

For the reasons more fully set forth above, Plaintiff asks the Court to grant leave for Plaintiff to file its Second Amended Petition.

## IV.
## **P**RAYER

Wherefore, premises considered Plaintiff L**IVE** L**IFE** H**EALTHY**, LLC asks the Court to grant its Motion for Leave, order the Clerk of Court to file the attached Second Amended Complaint, and for such other relief to which Plaintiff may show itself to be entitled.

Respectfully submitted,

*/s/ Kevin Niknam*
Steven O. Grubbs
State Bar No. 00796683
Kevin S. Niknam
State Bar No. 24075427
**S**HEEHY**, W**ARE**, P**APPAS **& G**RUBBS**, P.C.**
7500 Rialto Blvd., Bldg. 2, Suite 250
Austin, Texas 78735
(512) 457-5522 Telephone
(512) 457-5502 Facsimile
sgrubbs@sheehyware.com
kniknam@sheehyware.com

A**TTORNEYS** F**OR** P**LAINTIFF**

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on I have conferred with counsel for Defendant regarding the foregoing Motion for Leave and counsel for Defendant is *opposed* to this Motion.

*/s/ Kevin Niknam*
Kevin S. Niknam

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing is being served on the following counsel of record via CM/ECF in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 31st day of January 2024:

Blake A. Bailey
PHELPS DUNBAR, LLP
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092
blake.bailey@phelps.com
*Attorney for Defendant Jobsource, Inc.*

*/s/ Kevin Niknam*
Kevin S. Niknam
